UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Bankruptcy Appeal No.: 4:05 CV 40037RGS

IN RE:        EMILE E. MORAD

## APPELLEE-CREDITOR STELLA XIFARAS' OPPOSITION
## TO EMERGENCY MOTION TO EXTEND TIME

Appellee-Creditor Stella Xifaras opposes Appellant-Debtor Emile Morad's

"emergency" motion to extend the time for filing his brief.

The deadline for Morad to file his brief was April 26, 2005. Morad's motion is

dated April 26, but it was served in an envelope with an April 27, 2005 postmark. A copy

of the envelope is attached.

Morad's unsupported excuse for this extension is consistent with his efforts to

delay other appeals in his bankruptcy case. See copies attached of filings in the other

appeals.

For these reasons, Morad's motion should be denied.


Appellee-Creditor Stella Xifaras,
By her Attorneys,

LAW OFFICES OF
BEAUREGARD, BURKE & FRANCO


PHILIP N. BEAUREGARD  BBO# 034780
MICHAEL FRANCO  BBO# 567091
P.O. Box 952
32 William Street
New Bedford, MA  02741-0952
Tel. No.:  (508) 993-0333

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I, Michael Franco, do hereby certify that I have caused copies of Appellee-Creditor Stella Xifaras' Response to Appellant-Debtor Emile Morad's Motion to Extend Time to John Aquino, Esq., Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110, John S. Rodman, Mauser & DePiano, 98 N. Washington Street, Suite 305, Boston, MA 02114-1913, and Emile Morad, Sr., Esq. 460 County Street, New Bedford, MA 02740 via first class mail, postage prepaid, this 28th day of April, 2005.

MICHAEL FRANCO BBO# 567091

Emile E. Morad
Emile E. Morad
1340 Drift Road,
Westport, Ma. 02790

Michael Franco Esquire
32 William Street,
New Bedford, Ma. 02740



9261
07740

U.S. POSTAGE
PAID
WESTPORT, MA
02790
APR 26'05
AMOUNT
$0.60
000-40020-01

LAW OFFICES OF

# BEAUREGARD, BURKE & FRANCO

THE ANDREW ROBESON HOUSE
P.O. BOX 952
32 WILLIAM STREET
NEW BEDFORD, MA 02740

PHILIP N. BEAUREGARD
RICHARD E. BURKE, JR.
MICHAEL FRANCO
JAMES HODGSON
TIMOUR ZOUBAIDOULLINE

CHRISTOPHER J. CAREY
HON. WILLIAM H. CAREY
OF COUNSEL

TEL.: (508) 993-0333
FAX: (508) 990-2045
FAX: (508) 990-2002

E-Mail: bbf.robeson@verizon.net
E-Mail: andrew.robeson@verizon.net

March 23, 2005

**VIA FEDERAL EXPRESS**

Clerk's Office
U.S. Bankruptcy Appellate Panel
John Joseph Moakley Building
1 Courthouse Way
Boston, MA 02210

Re:     **In Re Emile E. Morad**
         **BAP No.: 04-019**
         **Bankruptcy Case No.; 02-15186**

Dear Clerk:

Enclosed please find for filing Stella Xifaras' Opposition to Emile Morad's Motion to Extend Time for Oral Argument.

Thank you.

Sincerely,

MICHAEL FRANCO

MF/tm
Enclosure
cc/enc:   John Rodman
          John Aquino
          Emile Morad
          Herbert Weinberg

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE FIRST CIRCUIT

---

### BAP NO.MW 04-019

---

Bankruptcy No. 02-15186-JBR

---

### EMILE E. MORAD,
Debtor.

---

### EMILE E. MORAD,
Appellant,

v.

### STELLA XIFARAS and BARBARA XIFARAS,
Appellees.

---

### STELLA XIFARAS' OPPOSITION TO EMILE MORAD'S
### MOTION TO EXTEND TIME FOR ORAL ARGUMENT

Stella Xifaras opposes Emile Morad's motion to extend the time for oral argument. Curiously, Morad is asking for an extension in No. 04-019, but not No. 04-053, though both oral arguments are scheduled for March 31, 2005.

Morad's motion is based on the absurd premise that he was required to travel to Florida to recuperate from a severe cold. This excuse is the latest in a train of unsupported excuses by Morad in this matter and other related proceedings, which appears to be intended for no other purpose than to obstruct and delay. See copies attached of Xifaras' February 10, 2005 and March 2, 2005 oppositions to Morad's motions.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

It should be noted that the letter from Morad's doctor is dated February 23, 2005 and indicates that he needs a two to three week postponement. This would make him available as of March 16, 2005 – two weeks before oral argument.

It should also be noted that Morad claims to be located in Florida at the present time, though he served the motion in an envelope with a <u>Providence</u> post-mark. See copy attached. This raises serious issues as to his honesty with this Court.

The motion should be denied.

Stella Xifaras,
By her Attorneys,

LAW OFFICES OF
BEAUREGARD, BURKE & FRANCO

PHILIP N. BEAUREGARD  BBO# 034780
MICHAEL FRANCO  BBO# 567091
P.O. Box 952
32 William Street
New Bedford, MA  02741-0952
Tel. No.:  (508) 993-0333

Dated: March 23, 2005

## CERTIFICATE OF SERVICE

I, Michael Franco, do hereby certify that I have caused copies of Stella Xifaras'
Opposition to Emile Morad's Motion to Extend Time for Oral Argument to John Aquino,
Esq., Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110, Herbert
Weinberg, 805 Turnpike Street, North Andover, MA 01845, John S. Rodman, Mauser &
DePiano, 98 N. Washington Street, Suite 305, Boston, MA 02114-1913, and Emile Morad,
Sr., Esq. 460 County Street, New Bedford, MA 02740 via first class mail, postage prepaid,
this 23rd day of March, 2005.

MICHAEL FRANCO BBO# 567091



John S. Rodman, Esquire
98 No. Washington St. Suite 305
Boston, MA 02114-1913

CKprisal
270 N Surf Ca
Hollywood, FL 33019

PFN
21 MAR
2005

02114+1913 18

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE FIRST CIRCUIT

---

### BAP NO. MW 04-053

---

Bankruptcy No. 02-15186-JBR

---

### EMILE E. MORAD,
Debtor.

---

### STELLA XIFARAS
Appellant

v.

### EMILE MORAD
Appellee

---

## APPELLANT STELLA XIFARAS' RESPONSE TO APPELLEE EMILE MORAD'S MOTION TO EXTEND TIME FOR FILING BRIEF

Appellant Stella Xifaras submits this response to Appellee Emile Morad's motion for an extension of time to file his brief.

Xifaras takes no position on the motion and leaves the matter to the Court's sound discretion. However, Xifaras submits this response to clarify the inaccuracies in Morad's motion. Among other things, Morad claims to require an extension due to health issues. Morad has used this excuse on a number of occasions in the underlying tort suit against him, the later fraudulent conveyance suit against him, the BBO proceedings against him, and the bankruptcy case itself, and his excuse has been universally rejected as unsupported. This is consistent with Morad's repeated disregard for the rules of this Court and the other courts involved. Most recently, Morad used January 24, 2005 as the date on the instant

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

motion and the certificate of service.  However, as the attached post-marked envelopes

show, the motion was not served until February 8, 2005.  Counsel then received it on

February 9, 2005.  (Note also that Morad uses a Florida return address, though the post-

mark is from Providence.)

Stella Xifaras,
By her Attorneys,

LAW OFFICES OF
BEAUREGARD, BURKE & FRANCO


PHILIP N. BEAUREGARD  BBO# 034780
MICHAEL FRANCO  BBO# 567091
P.O. Box 952
32 William Street
New Bedford, MA  02741-0952
Tel. No.:  (508) 993-0333

Dated: February 10, 2005

LAW OFFICES OF
BEAUREGARD, BURKE
. . . & FRANCO .
32 WILLIAM STREET
NEW BEDFORD, MA 02740

## CERTIFICATE OF SERVICE

I, Michael Franco, do hereby certify that I have caused copies of Appellant Stella Xifaras' Response to Appellee Emile Morad's Motion to Extend Time for Filing Brief to John Aquino, Esq., Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110, Herbert Weinberg, 805 Turnpike Street, North Andover, MA 01845, John S. Rodman, Mauser & DePiano, 98 N. Washington Street, Suite 305, Boston, MA 02114-1913, and Emile Morad, Sr., Esq. 460 County Street, New Bedford, MA 02740 via first class mail, postage prepaid, this 10th day of February, 2005.

_____
MICHAEL FRANCO BBO# 567091



Emile E. Morad 2700
2700 North Sur Road
Hollywood, Fla. 33019

JOHN S. RODMAN ESQUIRE
98 No2h Washington Street
Suite 305,
Boston, Ma. 02114-1913

02114-1913

PROVIDENCE R.I.
PM
08 FEB 4 0290

Emile E. Morad
2700 North Surf Road
Hollywood, Fla. 33019

Michael Franco Esquire

P.O. Box 952

32 William Street,

New Bedford, Ma. 02740

02740+6223





UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

BAP NO.MW 04-053

Bankruptcy No. 02-15186-JBR

EMILE E. MORAD,
Debtor.

STELLA XIFARAS
Appellant

v.

EMILE MORAD
Appellee

## APPELLANT STELLA XIFARAS' OPPOSITION TO APPELLEE EMILE MORAD'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Appellant Stella Xifaras opposes Appellee Emile Morad's request for leave to file a supplemental brief.

This is Morad's second request for an extension. Xifaras questions the veracity of Morad's claims for the reasons described in Xifaras' response to his first request for an extension, a copy of which is attached.

It should be noted that Morad's instant request and certificate of service bear the date February 24, 2005, within the extended deadline for filing a brief. However, as the attached post-marked envelope shows, the request was not served until February 28, 2005.

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

It should also be noted that, in its recent decision to disbar Morad as an attorney, the Supreme Judicial Court commented on Morad's "large number of extensions and continuances" and refused to credit his medical excuses for an additional extension.

Stella Xifaras,
By her Attorneys,

LAW OFFICES OF
BEAUREGARD, BURKE & FRANCO

PHILIP N. BEAUREGARD  BBO# 034780
MICHAEL FRANCO  BBO# 567091
P.O. Box 952
32 William Street
New Bedford, MA  02741-0952
Tel. No.:  (508) 993-0333

Dated: March 2, 2005

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

## CERTIFICATE OF SERVICE

I, MICHAEL FRANCO, do hereby certify that I have caused copies of Appellant Stella Xifaras' Opposition to Appellee Emile Morad's Request for Leave to File Supplemental Brief to John Aquino, Esq., Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110, Herbert Weinberg, 805 Turnpike Street, North Andover, MA 01845, John S. Rodman, Mauser & DePiano, 98 N. Washington Street, Suite 305, Boston, MA 02114-1915, and Emile Morad, Sr., Esq. 460 County Street, New Bedford, MA 02740 via first class mail, postage prepaid, this 2nd day of March, 2005.

MICHAEL FRANCO BBO# 567091

ERNIE E. MORAD
7700 M. SURF RD.
3/14 WOOD FLA
33019

MICHAEL FRANCO
32 WILLIAM ST.
P.O BOX 952
ME W VBED FORD, MA,
02780





UNITED STATES
POSTAL SERVICE
9261

AMOUNT
$1.29

U.S. POSTAGE
WESTPORT
FIRM 0280
0004402-01
02740

UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

BAP NO.MW 04-053

Bankruptcy No. 02-15186-JBR

EMILE E. MORAD,
Debtor.

STELLA XIFARAS
Appellant

v.

EMILE MORAD
Appellee

## APPELLANT STELLA XIFARAS' RESPONSE TO APPELLEE EMILE MORAD'S MOTION TO EXTEND TIME FOR FILING BRIEF

Appellant Stella Xifaras submits this response to Appellee Emile Morad's motion for an extension of time to file his brief.

Xifaras takes no position on the motion and leaves the matter to the Court's sound discretion. However, Xifaras submits this response to clarify the inaccuracies in Morad's motion. Among other things, Morad claims to require an extension due to health issues. Morad has used this excuse on a number of occasions in the underlying tort suit against him, the later fraudulent conveyance suit against him, the BBO proceedings against him, and the bankruptcy case itself, and his excuse has been universally rejected as unsupported. This is consistent with Morad's repeated disregard for the rules of this Court and the other courts involved. Most recently, Morad used January 24, 2005 as the date on the instant

LAW OFFICES OF
BEAUREGARD, BURKE
& FRANCO
32 WILLIAM STREET
NEW BEDFORD, MA 02740

motion and the certificate of service.  However, as the attached post-marked envelopes

show, the motion was not served until February 8, 2005.  Counsel then received it on

February 9, 2005.  (Note also that Morad uses a Florida return address, though the post-

mark is from Providence.)


Stella Xifaras,
By her Attorneys,

LAW OFFICES OF
BEAUREGARD, BURKE & FRANCO


PHILIP N. BEAUREGARD  BBO# 034780
MICHAEL FRANCO  BBO# 567091
P.O. Box 952
32 William Street
New Bedford, MA  02741-0952
Tel. No.:  (508) 993-0333


Dated: February 10, 2005

LAW OFFICES OF
BEAUREGARD, BURKE

32 WILLIAM STREET
NEW BEDFORD, MA 02740

## CERTIFICATE OF SERVICE

I, Michael Franco, do hereby certify that I have caused copies of Appellant Stella Xifaras' Response to Appellee Emile Morad's Motion to Extend Time for Filing Brief to John Aquino, Esq., Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110, Herbert Weinberg, 805 Turnpike Street, North Andover, MA 01845, John S. Rodman, Mauser & DePiano, 98 N. Washington Street, Suite 305, Boston, MA 02114-1913, and Emile Morad, Sr., Esq. 460 County Street, New Bedford, MA 02740 via first class mail, postage prepaid, this 10th day of February, 2005.

MICHAEL FRANCO BBO# 567091



Emile E. Morad 2700
2700 North Surf Road
Hollywood, Fla. 33019

JOHN S. RODMAN ESQUIRE
98 Noth Washington Street
Suite 305,
Boston, Ma. 02114-1913

02114-1913

mile E. Moradi
700 North Surf Road
ollywood, Fla. 33019

Michael Franco Esquire
P.O. Box 952
32 William Street,
New Bedford, Ma. 02740

02740+6223







mass.gov from online services · state agencies    SEARCH MASS.GOV



NO. BD-2004-042

IN RE: EMILE E. MORAD

S.J.C. Judgment of Disbarment entered by Justice Sosman on August 27, 2004.[1]

## MEMORANDUM OF DECISION

The Board of Bar Overseers (board) has filed an information recommending that attorney Emile Morad be disbarred from the practice of law for multiple ethical violations stemming from a series of transactions with one of his clients and his conduct in subsequent litigation concerning those transactions. Bar counsel filed a petition for discipline on July 16, 2002. The following day, bar counsel filed a motion to preclude respondent from contesting the factual allegations set out in the petition, on the ground that those facts had already been determined in the prior litigation. The motion was allowed. Following lengthy delays caused by respondent's repeated requests for extensions and continuances, the hearing officer conducted a hearing on October 10, 2003. Respondent did not attend. No testimony was taken. Bar counsel submitted as exhibits the findings and orders from the prior litigation, and contended that those findings and orders (combined with respondent's admissions) sufficed to establish the claimed ethical violations. The hearing officer concluded that the materials submitted supported almost all of the violations alleged in the petition, and recommended that respondent be disbarred. The board adopted the hearing officer's recommendation. For the reasons discussed below, I agree with the board's recommendation and order that respondent be disbarred.

1. Background. Respondent was admitted to the Massachusetts bar in 1963. Over a period of years during the 1980's, respondent represented Jane Doe in litigation and real estate matters, including disputes concerning Jane's ownership of condominium units in the Pond Meadow Condominium in Westport, Massachusetts. During this time, respondent and Jane developed a personal, as well as an attorney-client, relationship. As of 1990, Jane and her mother, Mary Doe, held title to Pond Meadow units 1, 2, 5 and 6. Each unit was encumbered by a mortgage, then held by Southstate Bank (Southstate). Jane and Mary were in arrears on their payments to Southstate, and Jane and respondent feared that Southstate was about to be taken over by a Federal receiver. Respondent began negotiating a settlement with Southstate on behalf of Jane and Mary. He was eventually able to reach an agreement with Southstate whereby Jane and Mary

would pay Southstate $125,000, and Southstate would assign the mortgages to an assignee to be designated by Jane and Mary.

However, Jane and Mary lacked sufficient funds to make the agreed $125,000 payment to Southstate. Jane asked respondent to either loan them the money or help them find another lender. Respondent proposed that Investment & Leasing Co. (I&L), a shell corporation of respondent's, loan Jane the entire amount and that I&L be assigned the mortgages. Jane agreed to respondent's proposal, and, in November, 1990, Jane, Mary and respondent executed a contract with respect to that loan and their respective interests in the condominium units. Mary was represented by separate counsel, but respondent represented Jane and suggested many of the critical terms of the contract, including the provisions concerning the rights of I&L as assignee of the mortgages. Under the terms of the written contract, in consideration for paying $125,000 to Southstate, I&L was to receive repayment of the $125,000 principal, 9% interest on that principal, plus a "bonus" of $50,000. The contract called for these amounts to be paid within two years. Over that two year period, these terms (including the "bonus" payment) equated to an annual interest rate of 29%.

In addition to the repayment terms for the loan, the contract called for a "friendly" foreclosure by I&L, following which I&L would hold and sell the units for the benefit of Jane and Mary. After repayment of the loan, the net proceeds of the sales of units 1 and 2 were to be distributed to Jane and Mary; the proceeds from unit 5 were to be distributed to respondent and Mary's attorney to pay attorney's fees owed to them; and Jane was to receive unit 6 (her residence) free and clear.

Pursuant to this agreement, respondent, through I&L, paid $125,000 to Southstate, foreclosed on the units, and took title to those units. Jane and Mary retained their equitable interests in the units. During 1992 and 1993, respondent collected rents on the properties, and expended funds for repair and maintenance. With Jane and Mary's knowledge and consent, respondent sold unit 1 to Louis Andrade for $225,000 and deposited the proceeds in an account under his control. Respondent failed to disburse or account for the proceeds.

During the spring and summer of 1993, respondent's personal relationship with Jane deteriorated. In October, 1993, respondent contacted Mary's attorney and informed him that Jane owed respondent over $300,000. He told Mary's attorney that, unless Mary purchased units 2, 5 and 6 for $300,000 (subject to all liens) by November 30, he intended to dispose of them himself. Jane disputed respondent's claim of amounts owed, and requested an accounting of the proceeds from the sale of unit 1. In December, 1993, Jane recorded an (unauthorized) lis pendens in which she averred that I&L and respondent had breached the contract, and that she and Mary were the lawful owners of the units. Respondent conveyed units 2 and 5 to Andrade on April 14, 1994. The recited consideration was $1, and the conveyance was subject to a $275,000 mortgage given that day by I&L to respondent as trustee of a nominee trust. Jane and Mary received no benefit from this conveyance.

I&L, and Andrade. Respondent counterclaimed for repayment of the loan and attorney's fees that he was allegedly owed. On June 2, 1994, a preliminary injunction issued prohibiting respondent from directly or indirectly transferring unit 6. Despite that injunction, respondent conveyed unit 6 from I&L to himself on December 15, 1994. On August 28, 1996, following a lengthy jury-waived trial, the judge issued a memorandum of decision, finding in favor of Jane and Mary on most of their claims against respondent and awarding them monetary damages, double damages, attorneys' fees, and injunctive relief. Specifically, the court found that respondent had breached the contract and knowingly committed unfair and deceptive acts in violation of G. L. c. 93A. The court also found that, due to the usurious nature of the loan (see G. L. c. 271, § 49), Jane and Mary were entitled to equitable relief in the form of a cancellation of the interest provisions on that loan.

Two weeks, later, on September 12, 1996, the court ordered respondent to deliver title to various items of personal property to the court within twenty-four hours. That deadline was later extended to September 17, but respondent failed to gather and submit the title documents. On October 31, 1996, the judge ordered respondent to convey unit 6 to Jane and Mary within twenty days. Respondent did not do so until June 5, 1997 (long after a complaint for contempt was filed). On July 23, 1997, the judge ordered respondent to deliver to Jane within twenty days every mortgage held by him, I&L, or his realty trust, on certain other property owned by Jane, along with an unconditional discharge for every such mortgage. He failed to comply with that order as well.

On November 25, 1997, respondent was held in contempt for his failure to comply with the orders of September 12 and October 31, 1996. (Although plaintiffs also complained of respondent's failure to abide by the order of July 23, 1997, the judge dismissed that complaint without prejudice.) As a sanction for this contempt, the judge dismissed respondent's counterclaim for alleged unpaid attorney's fees. Further post-judgment motions followed, including plaintiffs' renewed complaint for contempt with respect to respondent's failure to deliver the requisite mortgages and unconditional discharges. On May 20, 1998, the judge found that respondent was in contempt of the July 23, 1997 order, issued a further order to obtain compliance, and awarded Jane and Mary an additional $3,000 in attorney's fees. The judgment against respondent and I&L (including the contempt judgments) were affirmed on appeal.

Based on these facts, the hearing officer found that respondent's entering into a contract with Jane and loaning her money on usurious terms violation Canon One, DR 1-102(A)(6), and Canon Five, DR 5-101(A) and 5-104(A); that by retaining the net proceeds from the sale of unit 1 and disposing of the other units for his own benefit, the respondent violation Canon One, DR 1-102(A)(4) and (6); that in breaching his contract with Jane and Mary and exploiting his position as Jane's attorney, respondent violated Canon One, DR 1-102(A)(4) and (6), and Canon Seven, DR 7-101(A)(1) through (3); that in failing to promptly turn over Jane and Mary's funds and neglecting to account for the disposition of those funds, respondent violated Canon One, DR 1-102(A)(6), and Canon Nine, DR 9-102(B)(3)

and (4); and that by violating court orders and engaging in contempt of court, respondent violated Canon One, DR 1-102(A)(4) through (6).

2. Discussion. Respondent's principal argument focuses on the application of issue preclusion to his bar discipline proceeding. Issue preclusion, including the offensive use of issue preclusion, may be invoked in bar discipline cases. See Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 9-12 (1995). Issue preclusion may be appropriate if the identical issue has been previously adjudicated, there has been a final judgment on the merits, and the party against whom preclusion is being asserted is the same party as (or in privity with) the party to the previous adjudication. Massachusetts Property Ins. Underwriting Ass'n v. Norrington, 395 Mass. 751, 753 (1985). The party against whom preclusion is being asserted must have had a "full and fair opportunity to litigate the issue in the first proceeding," Matter of Cohen, 435 Mass. 7, 15 (2001), and the determination of the issue must have been essential to the judgment that was rendered. See Jarosz v. Palmer, 436 Mass. 526, 531-533 (2002).

Respondent argues that the issues before the board were not identical to the issues decided in superior court because the legal issues being considered in the two proceedings were different. In making that argument, respondent misapprehends the nature of issue preclusion. Here, preclusive effect was given to the facts found by the superior court that were essential to the judgment rendered in that matter. That those facts were found for the purpose of determining legal claims (e.g., claims for breach of contract and violation of G. L. c. 93A) rather than for the purpose of determining ethical violations does not deprive those facts of preclusive effect. Here, the hearing officer expressly recognized that certain of the facts recited in the superior court's memorandum of decision would not qualify as "essential" to the judgment rendered in that proceeding, and thus would not be treated as established for purposes of the bar discipline proceeding. The hearing officer then analyzed those facts that were "essential" to the prior judgment to determine whether they also supported the claims of violation set forth in the petition for discipline. Respondent was free to contest whether the facts concerning his conduct, conclusively established through the application of issue preclusion, amounted to ethical violations on his part, and free to submit additional facts if he so chose. There was no error in the hearing officer's application of the doctrine of issue preclusion.

Other than his arguments with respect to issue preclusion, respondent protests that his loan to Jane was not usurious, offering a myriad of rationales (substantive and procedural) that would ostensibly absolve him of usury. That argument is also disposed of by way of issue preclusion, as the superior court's determination that the loan was usurious was essential to its decision to cancel the interest on the loan. Indeed, the Appeals Court expressly upheld the trial judge's finding that the loan was usurious (rejecting the arguments now being made) and affirmed the judge's decision to allow respondent only a recovery of the loan principal. The issue has been litigated and determined, and respondent's arguments with respect to the usury statute need not be reconsidered here.

Finally, respondent raises two procedural issues with respect to the conduct of
the hearing below. First, he contends that it was error for the hearing officer to
deny his motion for subpoenas to two witnesses. In light of the ruling on issue
preclusion (and the lateness of respondent's requests for the subpoenas), the
hearing officer asked respondent to submit a written offer of proof as to the
witnesses' expected testimony. After reviewing the offers of proof, the hearing
officer declined to issue a subpoena for Jane because her testimony would be
irrelevant or cumulative. He declined to issue a subpoena for another proposed
witness (Judge Armand Fernandes) on various grounds, including that the offer of
proof failed to establish the relevance of the proposed testimony. Considering
the discretion granted to the hearing officer with respect to limitations on
cumulative or repetitive testimony (see Rule 3.30 of the Rules of the Board of Bar
Overseers), and the extensive facts already conclusively established by way of
issue preclusion, there was no error in or prejudice from the denial of the motion
for subpoenas.



Respondent also argues that his request for a continuance of the hearing should
have been granted for medical reasons. Considering the procedural history of the
matter, the scant support for respondent's claimed incapacity, and the large
number of extensions and continuances that had already been granted to
respondent, there was no abuse of discretion in the hearing officer's refusal to
grant yet another continuance. Moreover, no live testimony was presented by bar
counsel at the hearing that would have given rise to any right of cross
examination by respondent, nor has respondent identified what evidence he
would have presented had he attended the hearing or how that evidence would
potentially affect the outcome in light of the preclusive effect properly given to
the superior court findings.

3. Sanction. Of primary concern in bar discipline cases is "the effect upon, and
perception of, the public and the bar." Matter of Kerlinsky, 428 Mass. 656, 664
(1999), quoting Matter of Finnerty, 418 Mass. 821, 829 (1994). The sanction
imposed should not be "markedly disparate from judgments in comparable cases."
Matter of Finn, 433 Mass. 418, 422-423 (2001). Finally, the board's
recommendation with respect to the appropriate sanction is to be accorded
substantial deference. See Matter of Tobin, 417 Mass. 81, 88 (1994).

Among his many ethical violations, respondent misappropriated his client's funds
and property by wrongfully retaining the proceeds from the sale of unit 1 and by
disposing of the other units for his own benefit. Disbarment or indefinite
suspension is the presumptive sanction for intentionally depriving a client of
funds. See Matter of Schoepfer, 426 Mass. 183, 186 (1997), and cases cited. Here,
in addition to that specific violation that would, by itself, justify disbarment,
respondent committed numerous other ethical violations, including repeated (and
protracted) contempt of court. The cumulative effect of those multiple violations
is to be considered in determining the appropriate sanction. See Matter of Tobin,
supra at 88, 91. Here, the number and seriousness of those additional violations
operate to reinforce the presumption that disbarment is appropriate. While
respondent proffers his medical and family problems in mitigation, he has failed
to show how those problems in any way contributed to his multiple and

protracted ethical violations. The board's recommendation for disbarment is well justified. Indeed, on these egregious facts, it would be difficult to justify any lesser sanction.

ORDER

For the foregoing reasons, respondent is hereby ordered disbarred from the practice of law.

Martha B. Sosman, Associate Justice
Supreme Judicial Court

August 25, 2004

FOOTNOTES

[1] The complete Order of the Court is available by contacting the Clerk of the Supreme Judicial Court for Suffolk County.

[2] Pseudonyms are used for the client and her mother, consistent with a protective order issued by the board.

[3] The judge denied plaintiffs' request that their liability on the principal amount of the loan also be extinguished. Respondent was credited with the principal amount as part of the calculation of damages owed to plaintiffs.

[4] The documents were submitted over a year later, on the eve of a contempt hearing.

[5] The hearing officer concluded that certain alleged violations, involving misuse of confidential client information, Canon Four, DR 4-101(B)(2) and (3), had not been established by the findings in the superior court proceeding.

[6] Nor would the finding of multiple violations, or the determination of an appropriate sanction, be affected by the specific determination that the interest rate on the loan was usurious. Even if, for some technical reason, respondent's conduct would not amount to a violation of the usury statute, the outcome of these disciplinary proceedings would be the same.

[7] Even if there were error in the denial of the motion to subpoena Jane, there was no prejudice to respondent, as the hearing officer agreed to "accept as true that [Jane] would testify to the facts set out in the offer of proof."

[8] The offer of proof proposed to present Judge Fernandes solely as a character witness, a practice that is to be discouraged. See Commentary to S.J.C. Rule 3:09, Canon 2 (judge may not volunteer to testify as character witness, and should discourage party from requiring judge to testify as character witness

unless "the demands of justice require").

Site Index                          Go!

BBO/OBC Privacy Policy. Please direct all questions to webmaster@massbbo.org.
© 2004, Board of Bar Overseers, Office of Bar Counsel. All rights reserved.